UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**THE RAW BAR LLC, a West
Virginia limited liability
company,**

       Plaintiff,

v.                                          Civil Action no. 2:18-cv-0492

**ADT LLC, a Delaware limited
liability company,**

       Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are the motion to remand of the plaintiff, filed April 10, 2018, and the uncontested Motion for Leave to File a Supplemental Response to Motion to Remand, filed October 25, 2018 by the defendant.[1]

## I. Background

This civil action, originally filed in the Circuit Court of Kanawha County, West Virginia, concerns a fire that occurred after operating hours at the plaintiff's place of business. This happened after the defendant, ADT LLC ("ADT")

---

[1] It is ORDERED that the motion for leave of the defendant is hereby granted, and the court will consider the supplemental response and accompanying exhibit herein.

had installed one of its security systems on the premises. Compl. ¶ 5. The plaintiff, The Raw Bar LLC ("The Raw Bar"), claims the alarm system warned the defendant of the hazard, but that the defendant "failed to properly respond and make necessary and timely phone calls to the Plaintiff and/or representative, the police or the fire department." Id. ¶ 6. The Raw Bar brings three separate counts to recover for damages related to the incident, including negligence, breach of contract, and breach of warranty. See id. ¶ 6.

As a result of defendant's alleged failure to timely respond, plaintiff alleges that its "business establishment incurred severe damages, and the Plaintiff sustained lost profits, personal property losses and other associated damages." Id. ¶ 7. The associated damages sought include annoyance, inconvenience, and aggravation. Id. ¶ 21(c).

ADT removed based on diversity jurisdiction. 28 U.S.C. § 1332. In moving for remand, plaintiff argues that the amount in controversy does not exceed the sum of $75,000 as required by the diversity statute. Specifically, The Raw Bar notes that its complaint, signed by its attorney but not by its representative, contains a stipulation that "the amount of damages it sustained as a result of the Defendant's wrongful conduct does not exceed $75,000." The court notes that the

plaintiff's request for attorney fees is couched in such a way that it may be deemed to be a cost and expense in addition to "damages":

> The Plaintiff requests it be awarded its costs and expenses incurred in bringing this action, including reasonable attorney fees, and such other relief as the Court deems just.

Amended Compl. 5.

The Raw Bar further contends that because its representative and attorney signed a stipulation after removal, stating that the plaintiff suffered damages totaling less than $75,000, the amount in controversy does not exceed the jurisdictional threshold. To the extent that plaintiff attempts to rely upon the stipulation signed by its representative and counsel, the court notes that it was not submitted to the court until the case was removed, and in doing so, the plaintiff has failed to comply with McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 485-86 (S.D. W. Va. 2001) (holding that for a stipulation to bear on a court's finding with respect to the amount in controversy requirement, it must have been signed by counsel and his or her client and submitted prior to removal). The post-removal stipulation is thus ineffective. Also ineffective is the stipulation in the complaint, signed only by counsel.

The defendant filed a supplemental response to the plaintiff's motion to remand on October 25, 2018. Therein, it

references the plaintiff's responses to ADT's Requests for Admission. In the first of those responses the plaintiff states:

> Either the Defendant accepts the Plaintiff's stipulation of not seeking damages in excess of $75,000.00 and return the case to State Court or, if the case remains in Federal Court, the amount of the award will be as awarded by the jury.

See Response to First Req. for Adm. ¶ 1. The defendant aptly contends that this assertion supports its position that diversity jurisdiction is proper.

## II. Discussion

When a defendant removes, it bears the burden of showing that it has properly invoked federal jurisdiction. "A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount . . . ." Landmark v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D. W. Va. 1996). The test is framed as a requirement that the defendant show it is "more likely than not" that the jurisdictional amount is met. Id. (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996). Inasmuch as ADT asserts diversity jurisdiction as grounds for removal and the damages sought in this case are not

specified, the issue is whether ADT has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

In its complaint, The Raw Bar includes the statement noted above, signed only by the plaintiff's counsel, wherein it states that the amount sought is $75,000 or less for "wrongful conduct." The term "wrongful conduct" is at best ambiguous as used here inasmuch as the plaintiff seeks attorney fees in addition to "lost profits, personal property losses and other associated damages." See Compl. ¶ 7. Once the defendant removed, the plaintiff's subsequent stipulation similarly states that the amount of "damages" it suffered as a result of the defendant's "wrongful conduct and negligent actions" does not exceed the jurisdictional amount.

However, when one returns to ADT's Requests for Admission, there are two additional plaintiff admissions (referenced in the defendant's supplemental response), wherein the plaintiff specifically (1) denies that it is not entitled to recover more than $75,000 and (2) denies that the amount in controversy does not exceed $75,000. Pl.'s Resp. to Def.'s Requests for Admission ¶ 5-6. It can thus be readily inferred from three of the plaintiff's answers to ADT's requests for admission that the amount in controversy exceeds $75,000 and

that The Raw Bar will seek a sum greater than $75,000 as compensatory damages.

Similarly, and independently, the plaintiff's request in its complaint for damages of as much as $75,000 for wrongful conduct and an award of its costs and expenses including attorney fees supports the conclusion that the amount in controversy exceeds $75,000.

III. Conclusion

The court finds by a preponderance of the evidence that the amount in controversy is in excess of $75,000. The motion to remand is denied.

The Clerk is directed to forward a copy of this order to all counsel of record and any unrepresented parties.

DATED: August 5, 2019

John T. Copenhaver, Jr.
Senior United States District Judge